James Weiler, AZ Bar No. 034371
Michael Zoldan; AZ Bar No. 028128
Jessica Miller; AZ Bar No. 031005
**ZOLDAN LAW GROUP, PLLC**
14500 N. Northsight Blvd., Suite 133
Scottsdale, AZ 85260
Tel & Fax: 480.442.3410
JWeiler@zoldangroup.com
MZoldan@zoldangroup.com
JMiller@zoldangroup.com

Attorneys for Plaintiff
Thomas Bowman II

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| **Thomas Bowman II**, an Arizona resident,<br><br>Plaintiff,<br><br>v.<br><br>**DWW AZ, Inc. dba Right Honda,** an Arizona Corporation,<br><br>Defendants. | Case No.<br><br>**VERIFIED COMPLAINT**<br><br>**(Jury Trial Requested)** |

Plaintiff Thomas Bowman II ("**Plaintiff**"), for his Verified Complaint against Defendant DWW AZ, Inc. dba Right Honda ("**Defendant**" or the "**Company**"), hereby alleges as follows:

**PARTIES**

1. Plaintiff is, and at all times relevant hereto was, a resident of Maricopa County, Arizona. At all times relevant to this lawsuit, Plaintiff was an employee of Defendant as defined in the Americans with Disabilities Act and the American's with

1. Disabilities Act Amendments, 42 U.S.C. 12101, *et seq*. (collectively referred to as the "**ADA**") and an "eligible employee" of Respondents as defined in the Family and Medical Leave Act, 29 U.S.C.A. § 2601, *et seq* ("**FMLA**").

2. Upon information and belief, Defendant DWW AZ, Inc. dba Right Honda is an Arizona Corporation, which is registered to conduct business and is currently doing business in the State of Arizona. The Company is, and at all times relevant hereto was, Plaintiff's "employer" as defined in the FMLA and ADA.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 in that the claims set forth in this Complaint arise under federal law. All acts complained herein occurred in Maricopa County, Arizona, and this Court has jurisdiction over the parties and subject matter set forth in this Complaint pursuant to the ADA and FMLA.

4. The employment practices alleged to be unlawful were committed within, and had their primary effect in, the jurisdiction of the United States District Court for the District of Arizona.

5. Plaintiff was, at all relevant times, an employee of Defendant within the meaning of the ADA.

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce, employing fifteen or more employees, within the meaning of the ADA.

7. Plaintiff has exhausted all administrative and statutory prerequisites necessary to commence this action, and therefore jurisdiction is proper.

8. Personal jurisdiction in this Court is proper.

9. Venue in this Court is proper.

## FACTUAL ALLEGATIONS

10. Plaintiff commenced employment with Defendant in 2002 and most recently held the title of Finance Director.

11. Throughout the duration of his employment with Defendant, Plaintiff performed at or above a satisfactory level.

12. At all times relevant, Plaintiff was disabled. Plaintiff's disabilities included diabetes, lupus, psoriatic arthritis, hearing impairments and physical limitations resulting from full hip replacements.

13. Defendant had actual and constructive knowledge of Plaintiff's condition.

14. Plaintiff's disabilities constituted serious health conditions. Plaintiff experiences a substantial limitation on the performance of several major life activities including, but not limited to, working.

15. His symptoms include difficulty walking, hearing loss, and physical exacerbations of his conditions caused by stress.

16. Despite his disabilities, Plaintiff was able to perform the essential functions of his job position, with or without requested accommodations, and has demonstrated that ability Defendants.

17. By April 3, 2018, Plaintiff's symptoms had deteriorated to the point where he needed to take a leave of absence from work to treat for his disabilities. Even though things had gotten worse, he was still fully performing all of his job duties.

18. On April 3, 2018, Plaintiff requested disability leave from Defendants. With

a reasonable accommodation of taking disability leave, Plaintiff believed that he would be able to receive the treatment he needed to continue performing all the duties of his job.

19. On April 4, 2018, Jay Francis, an Owner of the Company, came into Plaintiff's office and offered him $5,200 a month for six months plus $100,000 cash if he did not take disability leave.

20. Mr. Francis knew that Plaintiff was currently going through financial struggles and could not turn down his offer.

21. Plaintiff agreed to risk his health and accepted Defendant's offer made by Mr. Francis. Plaintiff received a check in the amount of $10,400 to cover his rent for the next two months.

22. Plaintiff never received the $100,000 cash or remaining 4 months of payments for rent as promised. Despite not receiving the money, Plaintiff continued to fully perform all of the essential functions of his job.

23. In May of 2018, Plaintiff's health condition continued to deteriorate.

24. In May of 2018, Plaintiff informed Defendant's General Manager, Darrel Deak, that he needed to take medical leave to receive treatment for his disability.

25. Mr. Deak warned Plaintiff that if he went on medical leave or sought to use any type of disability leave that Defendant would have to pay for Plaintiff's back tax issues and that this would be a problem. Mr. Deak discouraged Plaintiff from seeking medical leave through threats of retaliation if he did so.

26. On June 29, 2018, Plaintiff informed Mr. Deak that he would be finishing out the month of June 2018 before taking disability leave.

27. Mr. Deak responded that Plaintiff needed to put his request for leave on hold

until he returned from vacation in the middle of July.

28. Plaintiff again felt obligated out of fear of retaliation to heed the request of Mr. Deak.

29. During the second week of July 2018, Plaintiff discussed his need to take medical leave with another employee Tommy Marino. Mr. Marino then informed Mr. Francis that Plaintiff again was requesting medical leave.

30. Shortly after speaking with Mr. Marino, Mr. Francis called Plaintiff and began to verbally berate him about a trivial work matter.

31. On July 17, 2018, Plaintiff was informed that he was no longer allowed on the premises for reasons that were not told to him.

32. Later that day, Plaintiff was informed by Mr. Deak that he was on leave pending an investigation.

33. Shortly after being placed on leave, Plaintiff learned that his position was filled by a different employee.

34. On July 23, 2018, Plaintiff was terminated.

35. From April 2018 through July 23, 2018, Plaintiff was repeatedly denied medical leave and even denied the paperwork that the Company would need Plaintiff to fill out to take leave.

36. Despite his repeated requests for accommodation over the course of almost seven months, Defendants never engaged in the interactive process with Plaintiff.

37. On or about September 11, 2018, Plaintiff filed a Charge of Discrimination with the EEOC claiming disability discrimination and retaliation.

38. On or about September 26, 2018, the EEOC issued Plaintiff a Notice of Right

to Sue with respect to each of Plaintiff's charges.

## COUNT I
## DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT

39. Plaintiff reasserts and realleges each and every allegation in this complaint as if fully set forth herein.

40. The ADA prohibits discrimination against a qualified individual with a disability in regard to terms, conditions and privileges of employment. 42 U.S.C. § 12112(a).

41. Plaintiff has a physical impairment that substantially limits a major life activity.

42. In the alternative, the length of time during which Plaintiff has experienced symptoms, and for which he will continue to suffer from, constitutes a record of impairment.

43. Plaintiff suffers from several disabilities including but not limited to diabetes, lupus, psoriatic arthritis, hearing impairments, and full bilateral hip replacements which are disabilities as defined by the ADA.

44. Defendant is an employer under the ADA.

45. Defendant knew of Plaintiff's physical limitations.

46. Defendant treated Plaintiff disparately as compared to other similar situated non-disabled employees because of his disability.

47. Plaintiff is qualified to perform the essential functions of his position.

48. Plaintiff requested reasonable accommodations to allow him to perform the essential functions of his position.

49. Defendant discriminated and retaliated against Plaintiff by failing to provide

him with reasonable accommodations, protected medical leave and terminated him due to his disabilities. *See* 42 U.S.C. § 12112(b).

50. Accommodating Plaintiff's reasonable requests would not inflict undue hardship on Defendant.

51. Plaintiff's reasonable requests would not pose a direct threat to the health or safety of other individuals in the workplace.

52. Plaintiff's disability was at the very least a motivating factor in Defendant's discriminatory conduct.

53. As a direct, intentional, and willful consequence of such illegal conduct, Plaintiff suffered adverse employment actions including, *inter alia*, termination of employment.

54. As a result, Plaintiff has been damaged in an amount to be proven at trial.

### COUNT II
### RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

55. Plaintiff reasserts and realleges each and every allegation in this complaint as if fully set forth herein.

56. The ADA prohibits discrimination against any individual because such individual engaged in protected activity under the ADA. *See* 42 U.S.C. § 12203(a).

57. Plaintiff engaged in protected activity by requesting reasonable accommodations and requesting to take protected medical leave.

58. Defendant retaliated against Plaintiff by failing to provide him with reasonable accommodations, preventing him from taking protected medical leave and terminated him due to his disabilities and EEOC complaints.

59. Plaintiff's disability was at the very least a motivating factor in Defendant's retaliatory conduct.

60. As a direct, intentional, and willful consequence of such illegal conduct, Plaintiff suffered adverse employment actions including, *inter alia*, interference with protected medical leave and termination of employment.

61. As a result, Plaintiff has been damaged in an amount to be proven at trial.

## COUNT III
## INTERFERENCE UNDER THE FAMILY AND MEDICAL LEAVE ACT

62. Plaintiff reasserts and realleges each and every allegation in this complaint as if fully set forth herein.

63. It is unlawful for an employer to interfere with, restrain, or deny the exercise of any right under the FMLA. 29 U.S.C. § 2615.

64. Defendant employs more than 50 employees and as such, are employers for purposes of FMLA, subject to FMLA requirements.

65. Plaintiff was an "eligible employee" entitled to take leave pursuant to the FMLA.

66. Plaintiff had a "serious health condition" as defined by the FMLA and was incapacitated as a result of that condition.

67. Plaintiff provided sufficient notice of his need to take leave under the FMLA.

68. Plaintiff exercised his rights under the FMLA.

69. Defendant's adverse employment actions discouraged Plaintiff from exercising rights under the FMLA.

70. Defendant terminated Plaintiff as a result of his requests and necessity for FMLA leave.

71. Plaintiff's FMLA leave was at the very least a motivating factor in his termination.

72. As a direct, intentional, and willful consequence of such illegal conduct, Plaintiff suffered adverse employment actions including, inter alia, termination of employment.

73. Plaintiff is entitled to recover damages against Defendant in an amount to be proven at trial.

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant DWW AZ, as follows:

A. An award of damages for all counts in an amount to be proven at trial;

B. An award of compensatory and punitive damages in an amount to be proven at trial;

C. An award of back pay and front pay (deferring to Title VII remedial structure allowing award of back pay and other equitable relief (*see* 42 U.S.C. § 2000e-5(g)(1)).

D. Pre- and post-judgment interest;

E. Reasonable attorneys' fees, costs and other expenses under the ADA pursuant to 42 U.S.C. § 12205; and

F. Any other remedies or judgments deemed just and equitable by this Court.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED on November 20, 2018.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ James Weiler
   14500 N. Northsight Blvd.
   Suite 133
   Scottsdale, AZ 85260
   Attorneys for Plaintiff Thomas Bowman II

**VERIFICATION**

Plaintiff Thomas Bowman declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and belief, and as to those matters, he believes them to be true.

_____
Thomas Bowman